IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITEDHEALTHCARE SERVICES, INC. | ) Civil Action No. 2:25-CV-00059 |
| | ) |
| *Defendant.* | ) |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, by counsel, respectfully moves this Court for leave to proceed under the pseudonym "Jane Doe." In support of this Motion, Plaintiff states as follows:

1. This case involves an ERISA claim regarding the denial of health insurance coverage for residential treatment of severe and life-threatening mental health conditions, including anorexia nervosa, autism spectrum disorder, severe anxiety, and depression.

2. The Federal Rules of Civil Procedure generally require disclosure of litigants' identities. Fed. R. Civ. P. 10(a). However, the Fourth Circuit recognizes that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant anonymity in judicial proceedings. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

3. Courts must weigh five non-exhaustive factors when evaluating requests to proceed pseudonymously:

    a. whether the justification asserted is merely to avoid annoyance and criticism or to preserve privacy in a matter of sensitive and highly personal nature;

1

      b. whether identification poses a risk of retaliatory physical or mental harm to the requesting party or innocent non-parties;

      c. the ages of persons whose privacy interests are sought to be protected;

      d. whether the action is against a governmental or private party; and

      e. the risk of unfairness to the opposing party from allowing an action to proceed anonymously.

*Id.* These factors strongly favor allowing Plaintiff to proceed pseudonymously.

4. First, this case involves "matters of sensitive and highly personal nature" that go beyond mere "annoyance and criticism." Here, Plaintiff's medical records detail her struggles with severe anorexia nervosa, including feeding tube placement, severe malnutrition requiring hospitalization, and extensive psychiatric treatment.

5. Second, disclosure of Plaintiff's identity poses demonstrable risks of harm to her. The record contains detailed documentation of mental health conditions and treatment about which public exposure would be detrimental to Plaintiff's mental health recovery.

6. Third, Plaintiff's young age (23) weighs in favor of pseudonymity. While technically an adult, Plaintiff was just beginning her career when these events occurred.

7. Fourth, this action is against a private party rather than the government, limiting the public's interest in knowing the names of the litigants.

8. Fifth, proceeding pseudonymously poses no unfairness to Defendant. Defendant already knows Plaintiff's identity through the insurance claims process and will have full access to all relevant information in discovery. Other courts in the Fourth Circuit have held that where a defendant knows the plaintiff's identity, the risk of unfairness from pseudonymity

is "greatly mitigated." *Doe v. Mast*, 2024 U.S. Dist. LEXIS 146945, at *29-30 (citing *Student A v. Liberty Univ., Inc.*, 602 F.Supp. 3d 901, 920 (W.D. Va. 2022).

9. Additional compelling circumstances support pseudonymity in this case, including:

    a) The documented severity of Plaintiff's conditions, including hospitalization for life-threatening malnutrition;

    b) The fact that evidence that public disclosure would likely jeopardize Plaintiff's ongoing recovery of her mental conditions;

    c) Plaintiff's particular vulnerability due to her autism spectrum disorder and severe social anxiety; and

    d) The risk that disclosure could deter others from seeking necessary mental health treatment.

10. The circumstances of this case constitute the type of "exceptional" circumstances warranting pseudonymity.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant leave for Plaintiff to proceed under the pseudonym "Jane Doe";

B. Order that Plaintiff's actual name and identifying information be redacted from all public filings;

C. Order that parties and counsel use Plaintiff's pseudonym in all hearings and proceedings in this matter; and

D. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Beth A. Norton

Beth A. Norton (VSB #87664)
Norton Health Law P.C.
1441 Sachem Place, Suite 2
Charlottesville, Virginia 22901
Telephone: (434) 978-3100
Email: bnorton@nortonhealthlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Beth A. Norton

Beth A. Norton